# GARY M. THOMAS v. STATE OF MARYLAND

[No. 60, September Term, 1970.]

*Decided December 1, 1970.*

The cause was argued before ORTH, THOMPSON, and POWERS, JJ.

*Joseph H. Thomas, Jr.,* with whom was *Elizabeth T. Clark* on the brief, for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Malcolm M. Schlossberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

This appeal involves questions concerning the waiver by the Circuit Court of Baltimore City, Division of Juvenile Causes, of its jurisdiction over Gary M. Thomas, born 14 March 1953, and its order that he be held for action of the grand jury. We must consider the matter in

the light of the law as it existed on 30 January 1969, the date jurisdiction was waived and the order passed.[1] Thomas was presented by the grand jury on 31 January on a charge of robbery and indicted on 11 February. See Maryland Rule 705. The indictment came on for trial on 26 September. Thomas elected to be tried by the court and was found guilty.

On the day of the trial, prior to the trial on the general issue, Thomas filed a motion to dismiss the indictment, stating as reasons:

> "1. That there is an appeal pending before the Court of Appeals of Maryland from the waiver of juvenile jurisdiction in the above captioned matter. In accordance with Article 26, Section 54 and 65 of the Annotated Code of Maryland. Said appeal has not been adjudicated as of August 14, 1969.
> 2. That until there is a determination with regard to the matter of waiver of jurisdiction, jurisdiction can not be assumed by the Criminal Court of Baltimore City."

In presenting the motion to the court, defense counsel, who had not been Thomas' counsel at the juvenile hearing, said: "It's my understanding that [counsel at the juvenile hearing] filed an appeal from those proceedings as to the waiver." But other than the assertions of defense counsel in the motion and to the court, the record before us does not indicate that an appeal from the waiver of jurisdiction was in fact filed, and we understand from oral argument before us that no record of such appeal can

---

1. By chapter 432, Acts 1969, effective 1 June 1969 in Baltimore City and 1 July 1969 elsewhere in Maryland, except for Montgomery County, virtually all the prior law under the subtitle "Juvenile Causes", codified as Code, Art. 26, §§ 51-70, was repealed. Chapter 432 enacted new law on the subject, codified as Art. 26, §§ 70 to 70-26. Also Chapter 900, Maryland Rules, entitled "Juvenile Causes" was revised effective 1 July 1969. We shall refer herein to the law as it existed prior to the effective dates of Ch. 432, Acts 1969, as the old law, and as amended by said chapter as the new law.

be found in the Court of Appeals, this Court or the Juvenile Court. The lower court denied the motion, stating, "There's been a valid waiver, and counsel has stipulated that there is a valid waiver in this case."

The waiver of jurisdiction, introduced in evidence by the State, is valid on its face. But had it been established that a timely appeal had been taken from the action of the Juvenile Court in waiving jurisdiction and ordering Thomas held for action of the grand jury, the Criminal Court of Baltimore would have had no jurisdiction over the case pending the disposition of the appeal. Under the old law, applicable to this case, a "delinquent child" included a child who violates any law or ordinance, or who commits any act which, if committed by an adult, would be a crime not punishable by death or life imprisonment. Code, Art. 26, § 52 (e) (1). The judge exercising jurisdiction in juvenile causes has original, exclusive jurisdiction over a delinquent child, § 53. But, "[i]f any such child is charged with the commission of an act or acts which would amount to a misdemeanor or felony if committed by an adult, the judge, after full investigation, may in his discretion waive jurisdiction and order such child held for action under the regular procedure that would follow if such act or acts had been committed by an adult," with exceptions not here applicable, § 54. See also Charter and Public Local Laws of Baltimore City (Flack, 1949), § 242.[2] Maryland Rule 911, before its revision effective 1 July 1969,[3] provided: "If the court shall waive jurisdiction in any juvenile proceeding after such investigation as it may deem necessary, the waiver shall be noted on the docket and the court shall order the respondent held for action under the usual criminal procedure. The clerk shall deliver a certificate of the waiver to the proper prosecuting authority." [4] "Any interested

2. Section 242 of the Public Local Laws of Baltimore City was repealed by Ch. 127, Acts 1966, the repealer to take effect 1 June 1969.

3. Rule 911 as revised establishes procedural requirements for a waiver of jurisdiction.

4. In cases in which the crime involved was punishable by death

party aggrieved by any order or decree of the judge, may appeal therefrom to the Court of Appeals." § 65.[5] Thus an order waiving jurisdiction was appealable to the Court of Appeals and the criminal court, pending the determination of the appeal, had no jurisdiction over the case. Compare *Superintendent v. Calman*, 203 Md. 414, 425. We think that the provision in § 65 that the "pendency of any such appeal or application therefor with respect to a child shall not suspend the order of the judge regarding such child" did not contemplate an appeal from a waiver of jurisdiction as within its ambit. To permit a child to be tried in the criminal court before a timely sought determination of the validity of a waiver giving that court jurisdiction was resolved on appellate review was not the legislative intent.[6] As the law provided for a direct appeal to the Court of Appeals from an order of the juvenile court waiving jurisdiction, the only obligation of the criminal court when no appeal was taken from such order was to determine whether the waiver order was valid on its face. If so it need not look behind it. Here the waiver order was valid on its face and it was not established that a timely appeal from the order had been taken. We hold that the lower court did not err in overruling the motion to dismiss the indictment without "a review of the procedure in the juvenile court in waiving [its] jurisdiction."

*Judgment affirmed.*

---

or life imprisonment, it was unnecessary for the juvenile court to waive jurisdiction, since it had none, before there could be a proceeding in the criminal court. *Bean v. State*, 234 Md. 432.

5. Under Ch. 432, § 2, Acts 1969, the appeal is to this Court.

6. The new law makes clear that a waiver order is a final order. "An order of waiver shall be considered a final order and terminates the jurisdiction of the court over the case." Code, Art. 26, § 70-16 (c). It also makes clear that it may be directly appealed. "An aggrieved party may appeal from any final order, judgment, or decree of the juvenile court to the Court of Special Appeals in the manner prescribed by the Maryland Rules." § 70-25. The section also has a stay provision but we think the legislature did not contemplate that it affected an order waiving jurisdiction.