CARLTON MATTHEW WHEELER *v.* STATE
OF MARYLAND

[No. 185, September Term, 1970.]

*Decided January 5, 1971.*

The cause was argued before ORTH, MOYLAN, and POW-ERS, JJ.

*Bruce R. Harrison* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Regis A. Johnston, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On 20 March 1970 Carlton Matthew Wheeler, 16 years of age, pleaded guilty in the Circuit Court for Prince George's County to the robbery with a deadly weapon of Stephen Russell Anderson on 29 November 1969 and to the robbery with a deadly weapon of George William Sullivan on 28 November 1969. The pleas were accepted. On 16 April after receipt of a pre-sentence report, Wheeler was sentenced to 10 years on each conviction, the sentences to run consecutively.

The Circuit Court for Prince George's County sitting as a Juvenile Court had waived jurisdiction of Wheeler as to each of these crimes on 26 January and 28 January 1970, respectively, and a certified true copy of each waiver was filed in the Circuit Court for Prince George's County on 4 February. Pursuant to the regular criminal proce-

dure Wheeler was presented and indicted on 4 February. It seems that he was charged with four other armed robberies and two kidnappings and indicted for them, the Juvenile Court waiving jurisdiction as to the robbery offenses and the kidnappings being capital crimes. Code, Art. 27, § 337; Art. 26, § 70-2 (d) (1) and (e) (1).

Appealing from the judgments, Wheeler claims that the waiver of jurisdiction by the Juvenile Court was invalid.

By ch. 432, Acts 1969, effective 1 June 1969 in Baltimore City [1] and 1 July 1969 elsewhere in Maryland, except for Montgomery County, virtually all the prior law under the subtitle "Juvenile Causes", codified as Code, Art. 26, §§ 51-70 was repealed. Ch. 432 enacted new law on the subject, codified as Art. 26, §§ 70 to 70-26. Also Chapter 900, Maryland Rules, entitled "Juvenile Causes" was revised effective 1 July 1969. Under the old law an order waiving jurisdiction was considered a final order for the purpose of direct appeal. In *Thomas v. State*, 10 Md. App. 458, (1970), we said: "As the law provided for a direct appeal to the Court of Appeals from an order of the juvenile court waiving jurisdiction, the only obligation of the criminal court when no appeal was taken from such order was to determine whether the waiver order was valid on its face. If so it need not look behind it." The new law expressly states that "[a]n order of waiver shall be considered a final order and terminates the jurisdiction of the court over the case." Art. 26, § 70-16 (c). Section 70-25 provides that an aggrieved party may appeal from a final order of the juvenile court to the Court of Special Appeals in the manner prescribed by the Maryland Rules. Thus under the new law as under the old, if a direct appeal was not taken from the order waiving jurisdiction, the only obligation of the criminal court is to determine if the waiver order is valid on its face. If so it need not look behind it and the child, the jurisdiction over whom has been waived by the juve-

1. But see ch. 730, Acts 1970.

nile court, may be properly tried under regular criminal procedures in the criminal court.

The waivers here were under the new law. There is a certificate of waiver in the record as to each of the offenses of armed robbery of 28 November and 29 November 1969. See Rule 911 c. The waiver as to the offense of 29 November is dated 26 January 1970 and the one as to the offense of 28 November is dated 28 January 1970. Each waiver is headed "The Circuit Court for Prince George's County, Maryland Sitting as a Juvenile Court. Matter of: Wheeler, Carlton Mathew, Juvenile." Each gives the court number, the offense and its date. Each is signed by a judge sitting in the Juvenile Court. Each is entitled "Order of Court" and each reads:

> "Under the provisions of Section 54 of Article 26 of the Annotated Code of Maryland, 1957, edition, this Court waives jurisdiction and hereby orders the Respondent held for action under the regular Criminal Procedure, and Lawrence Weslock is his attorney in the proceedings to follow."

However, Art. 26, § 54 had been repealed by ch. 432, § 2, Acts 1969, effective some six months before the waiver here.

Art. 26, § 54 provided, in relevant part, that if a child was "charged with the commission of an act or acts which would amount to a misdemeanor or felony if committed by an adult, the judge after full investigation, may in his discretion waive jurisdiction and order such child held for action under the regular procedure that would follow if such act or acts had been committed by an adult." Rule 911 in effect prior to 1 July 1969 merely provided: "If the court shall waive jurisdiction in any juvenile proceeding after such investigation as it may deem necessary, the waiver shall be noted on the docket, and the court shall order the respondent held for action under the usual criminal procedure. The Clerk shall deliver a certificate of the waiver to the proper prosecuting author-

ity." The new law is now more specific. Art. 26, § 70-16 (b) subtitled "Factors to be considered," states:

> "In making a determination as to waiver of jurisdiction the court shall consider:
>
> (1) Age of child.
> (2) Mental and physical condition of child.
> (3) The child's amenability to treatment in any institution, facility, or programs available to delinquents.
> (4) The nature of the offense.
> (5) The safety of the public."

Section 70-16 (e) provides:

> "For the purpose of making its determination, the court may request that a study be made concerning the child, his family, his environment, and other matters relevant to the disposition of the case."

Rule 911 as amended and applicable to appellant [2] reads:

> "Waiver of Jurisdiction by Court.
>
> a. Hearing—Notice to Parties.
>
> A waiver hearing shall be initiated by the State's attorney. Notice of the time and place for such hearing shall be served upon the parties at least two days before the scheduled date.
>
> b. Waiver Investigation.
>
> The court may order that a waiver investigation be made and that the waiver hearing shall not commence until the investigation has been completed. The report of such investigation shall include all social study records that are to be made available to the court at the hearing. If

---

2. Under both the old law and the new law the juvenile court had no jurisdiction over a child who had reached his 14th birthday and was alleged to have done an act which if committed by an adult, would be a crime punishable by death or life imprisonment (including a lesser offense or an offense arising out of the act alleged to have been committed). See former Art. 26, § 52 (e); present Art. 26, § 70-2 (d) (1); *Adams v. State*, 8 Md. App. 684. And see also Art. 27, § 594 A.

the court wishes additional information not contained in the report, the hearing may be continued. The report of the waiver investigation shall be made available to counsel for the parties before or at the commencement of the hearing.

c. Findings.

If, after the waiver hearing, the court orders the case to be transferred to criminal court, it shall dictate to the court stenographer or reporter or prepare and file with the clerk a brief statement of the grounds for its decision, separate from the order of transfer. Such statement shall be available to any court in which the transfer is challenged. The waiver shall be noted on the docket and the clerk shall deliver a certificate of waiver to the proper prosecuting authority."

But when an order of waiver has been issued, thereafter the court may waive jurisdiction after summary review as to any minor with respect to whom the court waived jurisdiction and who is alleged to be a delinquent child. Art. 26, § 70-16 (c).

Since the waiver orders here stated that the juvenile court waived jurisdiction under the provisions of repealed § 54 of Art. 26 we do not think that they were proper on their face. It was then incumbent upon the criminal court, in order to determine if it had jurisdiction, to inquire into the procedure followed by the juvenile court.[3]

We remand the case, without entertaining a final order affirming, reversing or modifying the judgments, for fur-

---

3. "No person, either prior or subsequent to his eighteenth birthday, shall be prosecuted for criminal offense committed prior thereto unless the case has been transferred as provided in this section." Art. 26, § 70-16 (d). "[A] question as to the jurisdiction of the lower court may be raised and decided in this Court whether or not raised and decided in the lower court." Rule 1085. Even a plea of guilty constitutionally accepted does not waive a jurisdictional defect. *Fix v. State*, 5 Md. App. 703.

630

ther proceedings. The trial court shall determine forthwith by the introduction of such additional evidence it deems advisable or otherwise whether the orders to waive jurisdiction here were reached by the juvenile court in accordance with the provisions of the applicable statutes and rules. We point out that as the juvenile court ordered the cases transferred to the criminal court, it was required to "dictate to the court stenographer or report or prepare and file with the clerk a brief statement of the grounds for its decision, separate from the order of transfer. Such statement shall be available to any court in which the transfer is challenged." Rule 911 (c). When the trial court has made the determination directed, the record shall be transmitted to this Court.

*Case remanded for further proceedings in accordance with this opinion.*