### STANLEY HORACE AYE *v.* STATE OF MARYLAND

[No. 301, September Term, 1972.]

*Decided January 31, 1973.*

The cause was argued before ORTH, C. J., and CARTER and GILBERT, JJ.

*Gerald Adler* for appellant.

*Bernard A. Raum, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Domenic Iamele, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

## WAIVER OF JUVENILE JURISDICTION

### (1)

A court conferred with jurisdiction in juvenile causes (juvenile court), see Code, Art. 26, § 51, may waive the exclusive jurisdiction over a delinquent child [1] conferred

---

1. A child means a person who has not reached his 18th birthday, § 70-1 (c). See *Franklin v. State,* 264 Md. 62; *Greene v. State,* 11 Md. App. 106. A delinquent child means a child who commits a delinquent act, and who requires supervision, treatment or rehabilitation. Code, Art. 26, § 70-1 (h). A delinquent act includes an act which would be a crime if done by a person who is not a child, § 70-1 (g).

upon it by § 70-2 and, pursuant to § 70-16, may order the child held for trial under regular procedures of the court which would have jurisdiction over the offense if committed by an adult. It may do so upon a hearing [2] at which the child is entitled to representation by counsel, § 70-18 (d), after a petition has been filed alleging delinquency but before an adjudicatory hearing thereon, *Matter of Brown,* 13 Md. App. 625, after notice prescribed by Maryland Rule 911a. See § 70-16 (a). We set all this out in *Matter of Waters,* 13 Md. App. 95, 97, and went on to discuss the factors to be considered by a juvenile court in making its determination whether to waive or not and the burden of proof required. *Id.* at 97-98. We further discussed factors relevant to a determination of waiver *vel non* and the procedure to be followed by a juvenile court in its consideration of the question in *Matter of Ingram,* 15 Md. App. 356. See Maryland Rule 911.

(2)

A court exercising criminal jurisdiction ordinarily has neither the right nor the power to try a child who is within the jurisdiction of a juvenile court and who has not been sent to it for trial by the juvenile court under the statutory waiver procedures. *Franklin v. State, supra. Austin and Williams v. State,* 12 Md. App. 629, 630-631. Nevertheless, there are certain types of proceedings involving a child in which the waiver of a juvenile court is not necessary in order to prosecute the child in a criminal action. This is so because a juvenile court does not have jurisdiction over those proceedings. See *Bean v. State,* 234 Md. 432; *Briscoe v. Warden,* 3 Md. App. 182.

A juvenile court has no jurisdiction over:

(1) a proceeding involving a child who has reached his 14th birthday, alleged to

---

2. For a discussion of waiver of jurisdiction on summary review without a hearing, pursuant to § 70-16 (c), see *Matter of Toporzycki,* 14 Md. App. 298.

have done an act which, if committed by an adult, would be a crime punishable by death,[3] or life imprisonment (including a lesser offense or an offense arising out of an act alleged to have been committed), § 70-2 (d) (1), or

(2) a proceeding involving a child who has reached his 16th birthday, alleged to have done an act concerning the crime of robbery with a deadly weapon, § 70-2 (d) (3),

unless the court exercising jurisdiction, believing a waiver of its jurisdiction to be in the interests of the child or society, orders the case transferred to the juvenile court, Code, Art. 27, § 594A;

(3) a proceeding involving a child who has reached his 16th birthday, alleged to have done an act in violation of Code, Art. 66½, Title "Vehicle Laws", or any other traffic law or ordinance, other than:

(i) manslaughter by automobile,
(ii) possession of a stolen motor vehicle,
(iii) unauthorized use or occupancy of a motor vehicle,
(iv) tampering with a motor vehicle,
(v) driving a motor vehicle while, intoxicated, or while driving ability is impaired by consumption of alcohol, or while under the influence of drugs, § 70-2 (d) (2).

---

**3.** See *Bartholomey v. State*, 267 Md. 175, construing and applying *Furman v. Georgia*, 408 U. S. 238.

There is an instance in which a juvenile court has exclusive jurisdiction over a child but is limited in its power to waive that jurisdiction. When a child has not reached his 14th birthday the juvenile court may waive its jurisdiction only when the child is charged with committing an act which, if committed by an adult, would be punishable by death, or life imprisonment, § 70-16 (a). See note 3 *supra*.

### (3)

An aggrieved party [4] may appeal to the Court of Special Appeals of Maryland from any final order of a juvenile court, § 70-25. Therefore, an order waiving jurisdiction may be so appealed because it is a final order, § 70-16 (c).[5]

We find it to be the clear statutory intent that an attack on an order of a juvenile court waiving its jurisdiction over a child be by appeal to this Court in the manner prescribed by the Maryland Rules for taking appeals. We have entertained such appeals. For the reasons given in our opinions, we affirmed the waiver order in *Matter of Murphy*, 15 Md. App. 434, *Matter of Flowers*, 13 Md. App. 414, *Matter of Waters, supra,* and *Hazell v. State*, 12 Md. App. 144. We reversed the waiver order in *Matter of Ingram, supra, Matter of Toporzycki, supra,* and *Matter of Brown*, 13 Md. App. 625.

Not only is an order of waiver a final order, but it terminates the jurisdiction of the juvenile court over the case, § 70-16 (c). Jurisdiction over the person of the child then vests in the court having jurisdiction over the criminal offense with which that child is charged.[6]

---

4. " 'Party means a child named in a petition, or his parent, guardian or custodian,' " § 70-1 (e). See Rule 901 a 2.

5. The decision of a juvenile court not to waive its jurisdiction is not appealable. See *Matter of Waters, supra,* note 6, at 99.

6. The District Court has jurisdiction over traffic cases in which the person charged has attained his 16th birthday except for any such offense designated as a felony and except for those designated as within the jurisdiction of a juvenile court by Code, Art. 26, § 70-2 (d) (2) (above listed in this opinion). Code, Art. 26, § 145 (b) (1). With respect to crimes other than traffic offenses, the

If an appeal is noted from an order of waiver in accordance with the Maryland Rules, the criminal court, pending the determination of the appeal has no jurisdiction over the case. This Court is then vested with the exclusive power and jurisdiction over the subject matter of the proceedings, and the authority and control of the lower court with reference thereto are suspended. *Thomas v. State*, 10 Md. App. 458, 461. See *Stacy v. Burke*, 259 Md. 390, 401; *Bullock v. Director*, 231 Md. 629, 633 and cases there set out in note 3. This is so even though the general rule is that an appeal in a juvenile proceeding shall not stay the order, judgment, or decree appealed from, § 70-25.[7] We have construed a provision in the former law, Code, Art. 26, § 65, comparable in effect to the stay provision in the present law, as not contemplating an appeal from a waiver of jurisdiction as within its ambit. *Thomas v. State, supra.* We said, 10 Md. App. at 461: "To permit a child to be tried in the criminal court before a timely sought determination of the validity of a waiver giving that court jurisdiction was resolved on appellate review was not the legislative intent." We pointed out the stay provision in the new law, § 70-25, in a footnote, note 6 at 461, and expressed our thought that the legislature did not contemplate that it affected an order waiving jurisdiction.

As we have indicated, a valid order of waiver terminates the jurisdiction of the juvenile court and vests jurisdiction over the person of the child in the criminal court having jurisdiction over the crime charged. The waiver shall be noted on the docket of the juvenile court and the clerk shall deliver a certificate of the waiver to

District Court has no jurisdiction over a person who has not attained his 18th birthday. Code, Art. 26, § 145 (b) (2). Thus upon waiver by a juvenile court of its jurisdiction over a child, jurisdiction over the child would vest in the circuit court of the county in which the crime was committed, or, if committed in Baltimore City, in the Criminal Court of Baltimore, unless the District Court would have jurisdiction under Code, Art. 26, § 70-16 (2), which question we do not now decide.

7. Section 70-25 further provides that this Court may otherwise order on application and hearing consistent with the provisions of the Juvenile Causes Act, if suitable provision is made for the care and custody of the child.

the proper prosecuting authority. Rule 911 c. The State's attorney shall immediately procure an indictment or, where permitted, shall prepare and file an information against the accused. Rule 705.[8] Unless the authority over and control of the criminal case are suspended by an appeal to this Court from the order of waiver, the criminal court may, upon termination of the period within which such appeal may be filed, then proceed to hear, try and determine the case against the child. At that point, if the order of waiver is valid on its face, it may not be otherwise challenged before the trial court. We said in *Thomas v. State, supra,* at 461, decided under the law in effect prior to 1 June 1969:

> "As the law provided for a direct appeal * * * from an order of the juvenile court waiving jurisdiction, the only obligation of the criminal court when no appeal was taken from such order was to determine whether the waiver order was valid on its face. If so it need not look behind it."

We affirmed our position in *Wheeler v. State,* 10 Md. App. 624, decided under the present law, enacted by ch. 432, Acts 1969. Indicating that the appeal provisions under the old law and the new law were comparable in their effect, we said, at 626-627:

> "Thus under the new law as under the old, if a direct appeal was not taken from the order waiving jurisdiction, the only obligation of the criminal court is to determine if the waiver order is valid on its face. If so it need not look

8. The Committee note to Rule 705 reads:
"The certificate of waiver of jurisdiction by the juvenile court, delivered pursuant to Rule 911 (Waiver of Jurisdiction by Court) should be filed among the papers in the subsequent criminal proceeding, since such waiver is a prerequisite for the criminal court to have jurisdiction, and the record in the criminal court should therefore affirmatively disclose this information."
See *Halstead v. State,* 4 Md. App. 121.

behind it and the child, the jurisdiction over whom has been waived by the juvenile court, may be properly tried under regular criminal procedures in the criminal court."

If a waiver of jurisdiction is attacked pursuant to statutory requirements by a direct appeal therefrom to this Court and found to be ineffective, no jurisdiction over the subject child is bestowed on the criminal court and jurisdiction remains in the juvenile court. Then the child shall not be prosecuted for criminal offense until the case is transferred to the criminal court by virtue of valid waiver proceedings. Code, Art. 26, § 70-16 (d).

If a waiver of jurisdiction is not challenged by direct appeal therefrom, but the order of waiver is invalid on its face, it ordinarily would be null and void and could, therefore, neither bestow jurisdiction on the criminal court nor divest the juvenile court of jurisdiction. In either case, when the order of waiver is reversed on direct appeal, or when it is invalid on its face, the general rule is that a criminal court would have no more right and power to try the child over whom the juvenile court had jurisdiction than it has when no waiver proceeding is conducted and no order of waiver entered. See *Franklin v. State, supra,* at 67. If the criminal court to which jurisdiction over a child had been waived by a juvenile court determines the order of waiver to be invalid on its face, it should refer the matter back to the juvenile court for the issuance of a proper order before trying the case.[9]

---

9. In *Wheeler v. State, supra,* jurisdiction was waived by the Juvenile Court for Prince George's County after waiver hearings. There was no direct appeal therefrom and the child was tried in the criminal court and convicted of two cases of robbery with a deadly weapon upon his pleas of guilty and sentences were imposed. The orders of waiver set out that jurisdiction was waived "under the provisions of Section 54 of Article 26" which had theretofore been repealed. On appeal from the judgments we remanded without entertaining a final order affirming, reversing, or modifying the judgments with direction to the criminal court to determine whether the orders to waive were reached in accordance with the applicable statutes and rules. On remand the court found that the waivers were in fact conducted pursuant to the law in effect at the time and that the language of the orders indicating that the

40

We point out that an indictment returned or an information issued on the basis of an invalid waiver is void and the accused may not be legally tried thereunder in a criminal court.

## THE INSTANT CASE

On 2 September 1971 the Circuit Court of Baltimore City, Division for Juvenile Causes (Juvenile Court) waived its jurisdiction over STANLEY HORACE AYE and ordered him held for action under regular criminal procedures. Bail was set at $2000 and recognizance taken. Aye was presented by the Grand Jury for Baltimore City on 10 November, and an indictment was returned against him the same date charging in the first count the breaking of a storehouse with intent to steal personal property of the value of $100 and upwards and related offenses in two other counts. The indictment came on for trial in the Criminal Court of Baltimore on 27 December. Aye pleaded not guilty and waived his right to a trial by jury. He was convicted of the offense charged in the first count. Imposition of sentence was postponed pending receipt of a probation report. On 3 January 1972 he filed a motion to dismiss the indictment. The motion was heard and denied on 4 February. The same date, the probation report having been filed on 10 January, he was sentenced to five years. On 8 February he filed an "Order" for the Clerk of the trial court to enter an appeal "from the judgment and sentence imposed in this action on February 4, 1972."

orders were pursuant to the old law was simply due to a failure to change the waiver form and did not state the actual factual situation. We found, therefore, that the orders of waiver were valid on their face. See *Wheeler v. State*, No. 185, September Term, 1970, filed 26 April 1971, unreported. We limit the procedure followed in *Wheeler* to the unique factual situation there existent. *Wheeler* is not to be construed as indicating that the criminal court looks behind the face of the waiver order to determine its validity. *Wheeler* is factually distinguishable from *Franklin* for the reason that there was a waiver hearing conducted in *Wheeler* before any trial in the criminal court.

On appeal his only contention is that the denial of his motion to dismiss the indictment deprived him of due process of law. The motion to dismiss the indictment alleged that the trial court lacked jurisdiction because the waiver of jurisdiction by the Juvenile Court was improper. It was claimed in support of the motion that at the time of the alleged offense Aye was under the age of 18 years, and that "the waiver hearing reported by Master Bernard M. McDermott in his memorandum dated September 2, 1971 was held subsequent to an adjudicatory hearing before the same Master at which evidence had been taken and a finding of delinquency made contrary to Article 26, Section 70-16."

The trial court found that the order of waiver was valid on its face. Aye did not claim otherwise, and it is patent on scrutiny of it at its four corners that it was proper. There being no timely appeal from the waiver of jurisdiction by the juvenile court and the order of waiver being valid on its face, the Criminal Court of Baltimore had jurisdiction over Aye and the right and power to hear, try and determine the indictment returned against him. Therefore, there was no error in the denial of the motion to dismiss the indictment.

*Judgment affirmed.*