## IN RE APPEAL NO. 961, September Term, 1973 FROM THE Circuit Court of Baltimore City, SITTING AS A Juvenile Court

[No. 961, September Term, 1973.]

*Decided September 24, 1974.*

The cause was argued before ORTH, C. J., and MOYLAN and MENCHINE, JJ.

*Peter S. Smith,* with whom were *Michael S. Elder, Steven J. Fox* and *Nathan J. Greenbaum* on the brief, for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,*

10

*Milton B. Allen, State's Attorney for Baltimore City*, and *Michael Patryn, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

The appeal in this case is dismissed. It founders in the wake of *Matter of Trader*, 272 Md. 364. The teaching of that decision is that the provision of Courts and Judicial Proceedings Article (Courts Art.) § 3-817, declaring that an order of a juvenile court waiving its jurisdiction is interlocutory, is presently in full force and effect, contrary to the holding of the Court of Special Appeals of Maryland in *Matter of Trader*, 20 Md. App. 1, that the provision was unconstitutional and void. An interlocutory order is ordinarily not immediately appealable, the general rule being that an appeal lies only from a final order. Courts Art. § 12-301. See Courts Art. § 12-302. The orders from which the appeal here is taken waived the jurisdiction of the Circuit Court of Baltimore City sitting as a juvenile court. These are, therefore, interlocutory, and the appeal is not allowed by law. We are obliged to dismiss the appeal and do so on our own motion. Maryland Rules 1035 b (1) and 1035 a 2.

I

On 2 October 1973 the State's Attorney for Baltimore City filed five petitions in the Circuit Court of Baltimore City, sitting as a juvenile court, against a male child, born 31 August 1955, alleging that the child was delinquent for reason that he had committed the crimes of forgery and uttering, false pretenses, robbery, assault, and petit larceny.[1] The State's Attorney requested a waiver of the jurisdiction of the juvenile court. Upon hearing on 30 October 1973, the Juvenile Master recommended that jurisdiction be waived. The child filed exceptions. Upon

---

1. The delinquent acts were alleged to have been committed 19 to 26 July 1973. See Courts Art. § 3-814 (a); *Matter of Davis*, 17 Md. App. 98.

hearing on 17 December 1973 before the judge presiding in the juvenile court, jurisdiction under each petition was waived. An appeal from the orders of waiver was noted to this Court on 15 January 1974. The dismissal of the appeal vests jurisdiction over the child in the Criminal Court of Baltimore. *Aye v. State*, 17 Md. App. 32. He may be tried in that court under its regular procedures on charges properly filed. Courts Art. § 3-816 (e).

## II

The Court of Appeals in its *Trader* opinion went no further into the question of the appealability of orders waiving juvenile jurisdiction than the determination that as interlocutory orders they were not immediately appealable. We believe it advisable to pursue the matter for the guidance of the lower courts.

We expressed the thought in our opinion in *Trader* that the designation as interlocutory of an order waiving juvenile jurisdiction put in limbo whether it was appealable at all, and if so, how and when. 20 Md. App. at 5. We now conclude that it is subject to appellate review, and give our opinion as to how and when this may be accomplished.

In *Aye v. State, supra,* decided during the time when an order waiving juvenile jurisdiction was a final order by legislative fiat,[2] we set out the jurisdiction of the various courts involved upon a waiver of juvenile jurisdiction and discussed the procedures to be followed when the waiver was challenged on direct appeal therefrom and when it was not so challenged. We think that the jurisdiction of the various

---

2. Under the former law, see *Thomas v. State,* 10 Md. App. 458, 461, and under the law as it was revised in 1969, see *Wheeler v. State,* 10 Md. App. 624, 626, an order waiving jurisdiction was a final order and terminated the jurisdiction of the juvenile court over the case. This was spelled out in plain words in Code, Art. 26, § 70-16 (c): "An order of waiver shall be considered a final order and terminates the jurisdiction of the [juvenile] court over the case." Chapter 773, Acts 1973, repealed and re-enacted § 70-16 (c) effective 1 July 1973. It was rewritten to read, as stylistically revised by the Governor's Commission to Revise the Annotated Code of Maryland: "An order waiving jurisdiction is interlocutory." Courts Art. § 3-817.

courts involved and the procedures to be followed are the same with the waiver order being interlocutory as they were when the waiver order was final and unchallenged on direct appeal therefrom. That is, an order of waiver valid on its face, now, as then, terminates the jurisdiction of the juvenile court and vests jurisdiction in the court having jurisdiction over the criminal offense with which the child is charged. The waiver shall be noted on the docket of the juvenile court and the clerk shall deliver a certificate of the waiver to the proper prosecuting authority. Rule 911 c. The State's Attorney shall immediately procure an indictment or, where permitted, shall prepare and file an information against the accused. Rule 705. The criminal court shall then proceed to hear, try and determine the case against the child as it would any case against an adult. At that point, if the order of waiver is valid on its face, it may not be otherwise challenged before the trial court. If the order of waiver is invalid on its face, it ordinarily would be null and void, and could, therefore, neither bestow jurisdiction on the criminal court nor divest the juvenile court of jurisdiction. We said in *Aye,* at 39: "If the criminal court to which jurisdiction over a child had been waived by a juvenile court determines the order of waiver to be invalid on its face, it should refer the matter back to the juvenile court for the issuance of a proper order before trying the case." We observed, *id.,* at 40, that ". . . an indictment returned or information issued on the basis of an invalid waiver is void and the accused may not be legally tried thereunder in a criminal court."

The waiver order is subject to appellate review upon an appeal by the accused from a judgment entered upon his conviction and sentence on the criminal charges. Rule 1085 includes the provision: "Where jurisdiction cannot be conferred on the Court by waiver or consent of the parties, a question as to the jurisdiction of the lower court may be raised and decided in this Court whether or not raised and decided in the lower court." As we have pointed out, it is the waiver order which divests the juvenile court of jurisdiction and bestows it on the criminal court. Thus, the propriety of the waiver order is subject to review on the appeal from the

final judgment in the criminal trial of the substantive offense.[3]

> *Appeal dismissed; case remanded for further proceedings consistent with this opinion; appellant to pay costs; mandate to issue forthwith.*

---

**3.** "In a criminal case, the state may appeal only from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition in a criminal case." Courts Art. § 12-302 (c).

Rule 1087 provides: "On an appeal from a final judgment, every interlocutory order which has previously been entered in the action shall be open to review by this Court unless an appeal has theretofore been taken from such interlocutory order and been decided on the merits by this Court." Rule 5a expressly provides that "action" shall not include a criminal proceeding. It does include ". . . all the steps by which a party seeks to enforce any right in a court of law or equity." *Idem.* It may be argued that an order of waiver is entered in an equity court and, as an interlocutory order, is reviewable under Rule 1087 even though the appeal is from a criminal proceeding.

We observe that if the propriety of the waiver is raised on appeal from the judgment entered upon conviction of the substantive offense, a transcript of the proceedings at the waiver hearing in the juvenile court may properly be included in the record on appeal.