## IN RE: DARRIN M.

[No. 333, September Term, 1979.]

*Decided December 10, 1979.*

The cause was submitted on briefs to THOMPSON, COUCH and WEANT, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Nancy Louise Cook, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, William H. Kenety, Assistant Attorney General, Arthur A. Marshall, State's Attorney for Prince George's County,* and *Steven Chappelle, Assistant State's Attorney for Prince George's County,* for appellee.

COUCH, J., delivered the opinion of the Court.

On March 7, 1979, at a hearing in Cases Nos. JA 639-79 and 640-79 in the Circuit Court for Prince George's County, sitting as a juvenile court, Darrin M., the appellant, a seventeen year old male who was alleged to have participated in two daytime housebreakings, was waived to the jurisdiction of the criminal court. Pursuant to Section 3-817 (g) of the Courts and Judicial Proceedings Article only a summary review was made of the waiver petitions since the court, on December 14, 1978, had waived jurisdiction of the appellant to the criminal court on similar but unrelated charges. On appeal the appellant contends that a summary review was improper because the December 14, 1978 waiver of the appellant was still on appeal at that time to this Court.

Section 3-817 (g) of the Courts and Judicial Proceedings Article states:

"If the court has once waived its jurisdiction with respect to a child in accordance with this section, and that child is subsequently brought before the court on another charge of delinquency, the court may waive its jurisdiction in the subsequent proceeding after summary review." [1]

In granting the waivers in 639-79 and 640-79, the court noted:

"The record should reflect I have just been handed the investigative report filed for waiver of this child in JA 3671-78, and 3672-78, one was a burglary and one was larceny from a coin machine, presented to

---

[1]. But see In Re: Ricky B., No. 102, Sept. Term, 1979, filed October 17, 1979, wherein we held that Courts Art., Sec. 3-817 (g), cannot be utilized when a "reverse waiver" has been ordered by the "adult court".

the Court back in November of 1978. As I understand, that waiver was granted by myself."

and thereafter concluded:

"December 14 waiver was granted in 3671 and 3672-78. All right.
The Court, pursuant to 3-817 (g), will now, summarily waive in 639-79 and 640-79."

The appellant contends that a summary review of the petitions in the instant case was improper because the prior waiver was still on appeal and therefore not final. The appellant's point is well taken since this Court in an unreported per curiam opinion, *In Re: Darrin M.,* No. 52, September Term, 1979, filed on October 2, 1979, remanded for further proceedings because we found the December 14, 1978 waiver of the appellant defective. Thus there was no effective previous waiver of juvenile jurisdiction so as to bring Sec. 3-817 (g) into play.

In our view, a review of the legislative history of Sec. 3-817, Courts and Judicial Proceedings Article of the Maryland Code, points the way to our conclusion. In 1973 the legislature amended subsection (c) of Article 26, Section 70-16 of the Code to provide that an order waiving juvenile jurisdiction was interlocutory and, of course, any appeal therefrom would have to await a conviction in the adult court. This was changed by the legislature in 1975 when it was specifically provided, in subsection (f) of Sec. 3-817, that such an order was immediately appealable. In the next subsection following, provision was made for summary review where the court had once waived its jurisdiction with respect to a child in accordance with this section, *i.e.,* Sec. 3-817. It seems patent, therefore, that when this change is kept in mind it follows that a predicate for utilizing the summary review procedure allowed by Sec. 3-817 (g) requires that there be no appeal pending from the previous order.

While neither this Court nor the Court of Appeals has been faced with this precise issue before, we believe our conclusion is supported by *Matter of Toporzycki,* 14 Md. App. 298, 287

A.2d 66 (1972) and *Wheeler v. State,* 10 Md. App. 624, 272 A.2d 96 (1971). In *Wheeler, supra,* a juvenile pleaded guilty in the adult court to two robberies with a deadly weapon, after the juvenile court had previously waived its jurisdiction over him. After his adult court convictions, Wheeler appealed claiming the waiver of jurisdiction by the juvenile court was invalid. The question before the court dealt with the obligation of the adult court when it had a juvenile before it for trial after a juvenile waiver hearing had been held and jurisdiction waived. The Court stated, in part:

> "In *Thomas v. State,* 10 Md. App. 458 (1970), we said: 'As the law provided for a direct appeal to the Court of Appeals from an order of the juvenile court waiving jurisdiction, the only obligation of the criminal court *when no appeal was taken* from such order was to determine whether the waiver order was valid on its face. If so it need not look behind it.' The new law expressly states that '[a]n order of waiver shall be considered a final order and terminates the jurisdiction of the court over the case.' Art. 26, § 70-16 (c). Section 70-25 provides that an aggrieved party may appeal from a final order of the juvenile court to the Court of Special Appeals in the manner prescribed by the Maryland Rules. Thus under the new law as under the old, *if a direct appeal was not taken* from the order waiving jurisdiction, the only obligation of the criminal court is to determine if the waiver order is valid on its face." [Emphasis added.]

*Id.* at 626. It seems clear that the Court contemplated that the adult court obligation would be different if a direct appeal had been taken.

In *Toporzycki, supra,* the Court held that since the previous waiver was conducted under Art. 26, Sec. 54, which was repealed by the new Section 70-16 (now Sec. 3-817, *Cts. & Jud. Proc. Art.*) and required no consideration of the factors listed in Sec. 70-16, the Section 54 waiver could not serve as the basis of a waiver after summary review within the

contemplation of Sec. 70-16 (c). It seems implicit from both of these cases that (1) a previous waiver must be an effective waiver, and (2) the previous waiver must be a final one from which no direct appeal has been taken.

Accordingly, we hold that a summary review for purposes of waiving jurisdiction under Sec. 3-817 (g),[2] *Cts. & Jud. Proc. Art.,* may not be made where the previous waiver order is pending appeal. Furthermore, we hold that this procedure may not be used prior to the expiration of time for appeal from the first order and, if the subsequent hearing is after the allowed appeal time and the record before the court at the second hearing is silent with regard to whether the first order has been appealed, it is incumbent on the trial judge to make an appropriate inquiry.

> *Order reversed.*
> *Case remanded for further proceedings consistent with this opinion.*
> *Costs are not reallocated as part of the judgment of this Court pursuant to Maryland Rule 1082 f.*

---

2. Inasmuch as no issue as to the constitutionality of this provision was raised below or here, we do not reach it.