# UNINSURED EMPLOYERS' FUND *v.* CHARLES D. HOY, JR. ET AL.

[No. 39, September Term, 1974.]

*Decided September 23, 1974.*

The cause was argued before ORTH, C. J., and POWERS and GILBERT, JJ.

*William H. Kable, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *J.*

*Deems Barnard, Special Assistant Attorney General,* on the brief, for appellant.

*Dwight C. Stone,* with whom were *Mylander, Atwater, Carney & Stone* on the brief, for appellees.

ORTH, C. J., delivered the opinion of the Court.

On 24 February 1970 Susan H. Dize, widow of Fieldy S. Dize, filed a dependent's claim with the Workmen's Compensation Commission based upon the death of her husband. Mr. Dize, a passenger in the truck of his employer, Charles D. Hoy, Jr., was injured when the vehicle was involved in an accident on 14 July 1969. He died the same day.[1] Under date of 16 March 1970, the attorney for Hoy raised two issues, dependency and medical bills, reserving the right to raise other and further issues at the time of the hearing. Under date of 17 March, the attorney for the Uninsured Employers' Fund, also reserving the right to raise further issues at the time of hearing, raised four issues: whether the deceased sustained an accidental injury arising out of and in the course of employment, whether his death so arose, whether the claimant was a total or partial dependent of the deceased and what was the deceased's average weekly wage. A hearing was held on 27 April 1970. The Commission found that Mr. Dize ". . . sustained an accidental injury arising out of and in the course of his employment on July 14, 1969, and as a result thereof died on the same day", that he left surviving a widow, the claimant, who was partially dependent upon him, that the average weekly wage of the deceased was $130, and that the employer and non-insurer was liable for medical bills of $227.25. On 4 May 1970 the Commission ordered:

". . . Charles D. Hoy, Jr., employer and non-insurer, pay compensation benefits unto Susan

---

1. Another claim form, dated 26 February 1970, signed by Mrs. Dize, was filed with the Commission. Both bear the same claims number, A-482246, and contain substantially the same information. Both contain the Commission's notation "no record of insurance — 02."

H. Dize, widow of Fieldy S. Dize, deceased claimant, to the amount of $9,000.00 at the rate of $40.00, payable weekly, beginning July 14, 1969; pay the medical bills as hereinabove set forth; and pay $750.00 toward the funeral expenses. In accordance with Article 101, Section 91 (b) (c) the employer, as a non-insurer, is assessed the sum of $150.00, plus an additional assessment of 15% of this Award and any subsequent awards of compensation made in this case, such additional assessments not to exceed, however, the sum of $1,500.00, to be paid to the Uninsured Employers' Fund. The assessment of $150.00 shall be paid within 10 days from the date of this Award and any further assessment within 10 days of notice; subject to the provisions of the Workmen's Compensation Law of Maryland."

Hoy appealed to the Superior Court of Baltimore City. The case was docketed in the Superior Court of Baltimore City as Charles D. Hoy, Jr., Employer, v. Fieldy S. Dize (Dec'd.) Susan H. Dize (Widow) Claimant and Uninsured Employers' Fund.[2] His petition, duly answered by the claimant and the Fund, alleged that the Commission ". . . erred in determining that a penalty be assessed against [him] at a time when payment under the Commission's award had not been in default for thirty days. He submitted the following issue:

"Should the Employer and the Non-Insurer be assessed a penalty payable to the Non-Insurer's Fund at a time when the award of the Commission has not been in default for thirty days? "[3]

The following facts, in the words of the judge below, were stipulated by the parties at the hearing held on 7 May 1973:

---

2. WCC Claim No. A-482246, 1970, 879, 123755.

3. A second issue, the amount to be paid, was to be determined only if the answer to the first issue was in the affirmative.

"1. That Patricia Hoy did carry workmen's compensation insurance prior to the occurrence of the accident in this case, but because of a break up in the business in which the Hoys were engaged (one of the principals left the business) a lapse of coverage occurred and this lapse had been in effect from between 14 and 16 days when this accident occurred.

2. That Patricia Hoy did obtain workmen's compensation insurance immediately following the accident and has again been properly insured since that time.

3. That Patricia Hoy has timely made all payments due under the Commission's award of May 4, 1970.

4. That Patricia Hoy intends to continue to properly make all payments due under the award.

5. That Patricia Hoy is financially solvent and is able to make the aforesaid payments.

6. That because the award was never 30 days in arrears, the Commission has never notified the Uninsured Employers' Fund of a default as required by Article 101, Section 90 (b).

7. That the Uninsured Employers' Fund has never been required to make any payments in this case." [4]

The court stated that it had been informed ". . . that not only has there been no default in any payment required under the Workmen's Compensation Commission's award, but also that the employer is financially able to and would in fact be willing to dispose of this claim on a lump-sum basis." It was the court's opinion that ". . . until there is a default under the terms of the award — and admittedly there is no such default in this case — the imposition of the assessment is invalid and void." It held: "Therefore, I answer Employer's

---

4. At the hearing before the Commission, Patricia Hoy testified that she and her husband, Charles, were engaged in the business of renovating property purchased in the City and using it ". . . for rental purposes, for income." They owned about 50 properties with a gross value of $120,000. She and her husband had a net worth of $70,000.

and Non-Insurer's proposed issue No. 1 in the negative, thereby reversing that portion of the Commission's award relating to the assessment." The costs were assessed against Hoy and on 16 January 1974 a judgment was entered in favor of claimant for the costs. The Fund noted a timely appeal.

It may be that the court below seasoned justice with mercy [5], but we are constrained to find that its holding was wrong. Code, Art. 101, §§ 90-102, both inclusive, provide for an "Uninsured Employers' Fund." Section 91 (a) creates it, declaring that its purpose is ". . . to provide for the payment of awards against uninsured defaulting employers in accordance with the provisions of this subtitle." Section 91 (b) reads:

> "For the purpose of establishing and maintaining this fund, The Commission, upon rendering a decision with respect to any claim for compensation against an uninsured employer as defined in § 102 of this article shall impose an assessment in the sum of one hundred fifty dollars ($150.00) against the employer and direct its payment into the fund in connection with each such claim wherein injury shall have occurred on or after the first day of January, 1968, or in death cases, where death is the result of an injury occurring on or after said date. The Commission shall also impose an additional assessment of fifteen per centum (15%) of the award or awards made in each such claim, such additional assessment not to exceed, however, the sum of one thousand five hundred dollars ($1,500.00) in any one claim, and shall direct that such additional assessment also be paid into the fund." [6]

---

5. "And earthly power doth then show likest God's
   When mercy seasons justice." Shakespeare, *The Merchant of Venice*, III, ii, 33.

6. By § 102 an "uninsured employer" is ". . . one who has failed to secure compensation to his employees in accordance with the provisions of § 16 of this article." The effect of the stipulation above set out was a concession that at the time of the injury to Mr. Dize, Hoy had failed to secure

We find the legislative direction set out in § 91 (b) to be unequivocal. It clearly provides that the Commission, ". . . upon rendering a decision with respect to any claim for compensation against an uninsured employer . . . shall . . . " impose the designated assessments. The imposition of the assessments is not predicated upon any contingency but is mandatory when the Commission renders a decision with respect to any claim for compensation against an uninsured employer. The short of it is that an employer who fails to secure compensation to his employees as provided by Code, Art. 101, § 16 is liable for the assessments upon a decision by the Commission with respect to any claim for compensation.

Hoy argues strenuously that even though an employer has failed to secure the required compensation to his employees, he is in no event subject to the assessments until he is in default in payment of the award. He points to the phrase "uninsured *defaulting* employers" which appears in § 91 (a). (emphasis added). He asserts that an employer is in default of payment of the award only as provided in § 90 (a) and (b). It is his position that under subsection (a) an employer has not defaulted, even though he has not secured compensation or made a deposit of security pursuant to § 16, until he fails to make payment of compensation according to the terms of an award within 30 days thereafter, and, pursuant to subsection (b), until the Commission, after the elapse of the 30 day period, notifies the Fund in writing of the employer's default in making payment of the award. He declares: "Because of the prompt payment made by the Employer in this case, the Fund has never been notified by the Commission of any default and has in no way been required to expend any efforts in behalf of the Claimant. As a matter of fact, were it not for the assessments the Commission has made, the Fund would not be a party to this action at all." We do not believe that any of the provisions of § 90 (a) and (b) and § 91 (a) qualify in any way the clear mandate of § 91 (b). That is, the command of § 91 (b) to assess employers is not tempered or limited by the

---

compensation to his employees in accordance with the provisions of § 16 of Art. 101 and thus was an "uninsured employer."

prescriptions of §§ 90 and 91 (a). The provisions of § 90 designate what awards are payable from the Fund and the procedure for payment. They concern the rights of the claimant and the obligation of the Fund; they do not go to the rights or obligations of employers. Nor does the description in § 91 (a) of an uninsured employer as "defaulting" support Hoy's position. Patently, the purpose of the Fund is to provide for the payment of awards against an uninsured *defaulting* employer. If such an employer, as was here the case, pays the award, there is no need to have it paid by the Fund. But this is not to say, in the light of § 91 (b), that such employer is not to be assessed by reason of his failure to secure compensation in accordance with the statutory requirements.

Hoy contends that "The uninsured employers' statute in so far as it provides for an assessment against a non-insured employer such as the one in this case, is unconstitutional because it deprives a non-insured employer of his property without due process of law." He refers to Code, Art. 101, § 101: "All assessments payable pursuant to the provisions of this subtitle shall be liens against the assets of the employer liable therefor without limit of amount, subordinate, however, to claims for unpaid wages and prior recorded liens." His quarrel with this section is that it ". . . automatically creates a lien on an assessment which might be questionable." This, he asserts, ". . . constitutes a taking of property without due process of law."

There is nothing in the record submitted to us to indicate that this point was tried and decided below. "Of course, nothing is better settled than the rule that a question as to the constitutionality of a statute will not be considered on appeal when not properly raised and decided by the lower court." *Vuitch v. State,* 10 Md. App. 389, 398, and cases therein cited. It was indicated in oral argument before us that the issue was presented below in a memorandum of law submitted by Hoy. The memorandum is not included in the record here. In any event, on the ruling of the lower court it was not necessary that it reach the constitutional question. See *Dayhoff v. State,* 206 Md. 25; *Jeffers v. State,* 203 Md.

227; *Matter of Toporzycki,* 14 Md. App. 298. Even if the point were properly before us, however, we see no constitutional invalidity. As we have noted, the assessment is imposed only on employers who have failed to secure compensation to his employees in accordance with the provisions of Code, Art. 101, § 16. Such employer has ample opportunity to show before the Commission that he is, in fact, not an "uninsured employer," and upon so showing would not be liable for the assessments. We see no denial of due process of law on the face of the statute or as here applied to Hoy, who conceded that he was an "uninsured employer." [7] *King Furniture v. Thompson,* 248 Md. 682; *Colgan v. Board of County Commissioners for Prince George's County,* 21 Md. App. 331.

Hoy objects to the inclusion in the Fund's brief of a Workmen's Compensation Commission form because it was not before the court below. We have not considered it in resolving this case.

> *Order of 16 January 1974 vacated; judgment in favor of claimant below for costs of suit affirmed; costs on appeal to be paid by Charles D. Hoy, Jr.*

---

7. We note that any employer feeling aggrieved by any decision of the Commission affecting his interests ". . . may have the same reviewed by a proceeding in the nature of an appeal . . ." at the circuit court level and that a further appeal lies to this Court. Code, Art. 101, § 56 (a). See also Code, Art. 101, § 95.