653 A.2d 517

**William LUTTER**

v.

**LUTTER CONSTRUCTION, INC. et al.**

**No. 741, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Feb. 8, 1995.

Desiree M. Lange (Barry M. Chasen, on the brief), Green-belt, for appellant.

James W. Himes, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief for appellee, Uninsured Employers' Fund), Towson, for appellees.

Argued before BLOOM, WENNER and FISCHER, JJ.

FISCHER, Judge.

William Lutter appeals from an adverse decision of the Circuit Court for Prince George's County on a motion for summary judgment filed by one of the appellees, Uninsured Employers' Fund (the Fund).[1]

---

1. The purpose of the Fund is to provide for the payment of awards against an uninsured defaulting employer. *Uninsured Employers' Fund v. Hoy*, 23 Md.App. 1, 5, 325 A.2d 446 (1974).

The sole issue in this appeal is whether the trial judge erred in granting appellee's motion for summary judgment and denying the motion for summary judgment filed by appellant.

Appellant and his wife were owners of a closely held corporation known as Lutter Construction, Inc. Appellant owned 49% of the stock and his wife owned 51%. He served as president and she as vice president of the company.

Prior to 1990, Lutter Construction had workers' compensation insurance coverage with State Farm Fire and Casualty Company, which covered appellant. Apparently, in 1990, following conversations with another insurance company agent, appellant told his wife to speak to the new agent and change insurance from State Farm to the other company. When it switched coverage, however, Lutter Construction did not retain its workers' compensation coverage.

On February 10, 1991, appellant fell from a roof at A & R Auto Parts, a Lutter Construction, Inc. work site. Appellant was seriously injured and was hospitalized for almost two months. Appellant filed a claim for workers' compensation benefits on November 13, 1991 with the Fund. On November 16, 1992, the Workers' Compensation Commission decided that appellant was not a covered employee under the Maryland Workers' Compensation Act (the Act)[2], and he was denied benefits. He appealed the decision to the Circuit Court for Prince George's County, and that court decided that appellant was not a covered employee.

It seems apparent that, upon applying the applicable statutes and case law to appellant's factual situation, he is a covered employee. The issue, however, is whether, in consideration of the unique facts of this case, appellant is entitled to claim that status.

---

**2.** Md.Code (1991), § 9–101 *et seq* of the Labor and Employment Article. Those sections were derived from Md.Code (1957, 1991 Repl.Vol.), Art. 101, which was in effect at the time of the accident. All statutory references are to the Labor and Employment article unless otherwise noted.

Maryland Code (1991, 1994 Cum.Supp.), § 9–206(a) of the Labor and Employment Article states, "An officer of a corporation ... is a covered employee if the officer provides a service for the corporation ... for monetary compensation." As an officer of a close corporation, appellant had the option of electing to be exempt from coverage. § 9–206(b)(1). In order to be exempt, however, appellant was required by § 9–206(c) to "submit to the Commission and to the insurer of the corporation a written notice that names the individual who has elected to be excluded from coverage."

The facts showed that appellant was employed by Lutter Construction, Inc. as a construction worker at the time of his injury. Also, appellant did not elect to be exempt from coverage. Appellant argues that Workers' Compensation law should be liberally construed and ambiguities in the law should be resolved in favor of the injured worker, citing *Lovellette v. Mayor of Baltimore*, 297 Md. 271, 465 A.2d 1141 (1983) and *Bethlehem–Sparrows Point Shipyard, Inc. v. Hempfield*, 206 Md. 589, 112 A.2d 488 (1955).

Appellant relies upon *Inner Harbor v. Myers*, 321 Md. 363, 582 A.2d 1244 (1990). *Myers* has many similarities to the case at bar. *Myers* also involved an officer in a close corporation. Gordon Myers was president, sole stockholder, and chief executive officer of the corporation. While performing truck driving services for the corporation, the tractor trailer being operated by him fell from a ramp, seriously injuring Myers. The corporation, G.K. Myers & Sons, was not covered by workers' compensation insurance. Myers filed a claim and a dispute arose as to whether he was a statutory employee of the principal contractor, Inner Harbor Warehouse & Distributors, Inc. The Court of Appeals held that Myers was a statutory employee of Inner Harbor. *Myers*, 321 Md. at 376, 582 A.2d 1244. The Court also held that Myers, although an officer of a close corporation that did not carry workers' compensation insurance, was an employee covered by the Act. As noted earlier, the statute includes as employees officers of close corporations who do not specifically exempt themselves from coverage. More important to our consideration of this

case, the Court also determined that Myers did not implicitly exempt himself from the Act by not procuring workers' compensation insurance for G.K. Myers. *Myers,* 321 Md. at 327, 582 A.2d 1244.

The Fund, on the other hand, points out that Article 101, § 67(2) defined employers as "those persons who fall within the requirements of § 21(a)," and that § 21 refers to § 16, which requires that the employer secure compensation for all employees by means of insurance or qualified self-insurance. In addition, whenever an employer fails to secure such compensation, § 19(f) provides criminal penalties for such failure, and "in any case where the employer is a corporation, the officer of the corporation having responsibility for the general management of the corporation shall be liable to such fine and imprisonment as herein provided." The Fund also avers that LE § 9–206, and its predecessor Art. 101, § 67(4)(ii) apply only to questions of the coverage of the corporate officers under policies of workers' compensation insurance. The Fund also cites COMAR 14.09.01.05, which requires officers of close corporations, who elect to be exempted, to file a notice of election with the Commission and the insurer. The Fund argues that an interpretation of the statute that would allow it to be applied to situations when insurance is not involved would render the COMAR regulation meaningless.

We do not agree with the Fund's rationale. The requirement of COMAR 14.09.01.05 to give notice to "the insurer of the corporation" cannot serve to negate the clear meaning of LE § 9–206, which grants appellant the status of a covered employee unless he expressly exempts himself.

The Fund's second argument is that even if § 9–206 is applicable, it cannot apply under the facts of this case. Its principal reliance is upon *Molony v. Shalom et Benedictus,* 46 Md.App. 96, 415 A.2d 648 (1980), an opinion of this Court authored by Chief Judge Wilner. In *Molony,* the principal officer of a close corporation failed to file a report of an injury. He then used this failure on the part of the corporation to

attempt to toll the statute of limitations. In this context, Chief Judge Wilner stated:

Notwithstanding the somewhat special provisions pertaining to sole proprietorships, partnerships, and *close* corporations in the Workmen's Compensation Law (*see* art. 101, § 67(4)), the fact is that an ordinary corporation is not a self-acting or automated entity. It acts only when human beings act for it. A corporation files a report only when some responsible person prepares the report and causes it to be delivered to the Commission. In most cases, of course, a person other than the claimant has the clear responsibility to see that this is done; perhaps for that reason we are unable to find any case in the country dealing with the specific issue before us. But where the injured employee is himself responsible for seeing to it that the report is made—where, in effect, he is both the employer and claimant-employee—he cannot evade his responsibility as employer and thereby gain an unwarranted advantage as claimant-employee. As a matter of law, therefore, if appellant in fact occupied these dual roles, he is required to discharge the responsibilities of each or suffer the consequence of failing either one.

*Molony*, 46 Md.App. at 102–103, 415 A.2d 648 (1980) (citations omitted) (emphasis in original).

The Fund also points to the criminal penalties provided by law for the failure of corporate officers to carry insurance as an indication that it would be unreasonable for the claimant to prevail despite his failure to obtain required insurance for his employees. LE § 9–1108.

In our view, *Molony* is inapposite to the instant case because the corporate officer in *Molony* was attempting to benefit from his failure to perform a required act. In the case at bar, appellant did not benefit from his failure to obtain insurance (other than some possible diminution of his insurance premiums). In point of fact, his failure to obtain insurance, for whatever reason, has caused him great difficulty and may cause the corporate officers serious problems in the

future. In addition, his failure to obtain insurance does nothing to enhance his claim, as the failure to file a report in *Molony* did for the corporate officer involved.

We believe the correct analysis is that the failure to obtain insurance is not interrelated with the determination of eligibility for compensation from the Fund. Those concepts are separate, and each must be evaluated on its own merits.

It is clear that appellant is a covered employee and entitled to seek redress from the Fund. The State, on the other hand, has a responsibility to pursue appellant's failure to secure insurance in the manner it deems appropriate in view of the particular facts and circumstances of this case.

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEE.