IN RE APPEAL NO. 51, SEPTEMBER TERM, 1974 FROM
THE CIRCUIT COURT FOR HOWARD COUNTY, SITTING
AS A JUVENILE COURT

[No. 51, September Term, 1974.]

*Decided September 17, 1974.*

The cause was argued before ORTH, C. J., and POWERS and
GILBERT, JJ.

*George A. Eichhorn, III, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Richard J.
Kinlein, State's Attorney for Howard County,* and *Richard J.
Wilkinson, Assistant State's Attorney for Howard County,*
on the brief, for appellant.

*Orrin J. Brown, III* for appellee.

ORTH, C. J., delivered the opinion of the Court.

By an order issued 6 February 1974, the Circuit Court for
Howard County, sitting as a Juvenile Court, denied a
petition for waiver of its jurisdiction over a child charged
with being delinquent by reason of using a handgun in the
commission of a felony. The State of Maryland, before the

charge was heard and determined, noted an appeal from the order.

The Court of Appeals of Maryland in *Matter of Trader,* 272 Md. 364, 325 A. 2d 398,[1] held flatly that since an order of a juvenile court declining to waive its juvenile jurisdiction does not terminate the jurisdiction of the court, it is interlocutory and non-appealable. The Court cited Courts Article § 12-301 and referred to *Matter of Anderson,* 20 Md. App. 31 and *Aye v. State,* 17 Md. App. 32. See also *Matter of Waters,* 13 Md. App. 95, 99, footnote 6, as qualified by *Matter of Anderson, supra.* The appeal is, therefore, dismissed by us on our own motion.[2] Maryland Rules 1035 a 2 and b (1). See Rule 1087.

> *Appeal dismissed; costs to be paid by Howard County; mandate to issue forthwith.*

---

1. The opinion in *Trader* also decided *State v. Stokes* and *Matter of Faulkner,* docketed as No. 32, September Term, 1974, and *Matter of Thomas,* No. 54, September Term, 1974. The precise issue in the case now before us was determined in *Matter of Faulkner.*

2. The record was received by the Court of Special Appeals of Maryland on 13 March 1974. On 22 May 1974 the juvenile filed a motion to dismiss the appeal on the ground that the order appealed from was not a final judgment. We denied the motion because it was not filed within 10 days from the date the record was filed. Rule 1036 c. No motion to dismiss was included in the juvenile's brief as allowed by Rule 1036 d.