IN RE APPEAL NO. 371, SEPTEMBER TERM, 1974
FROM THE CIRCUIT COURT FOR HOWARD COUNTY,
SITTING AS A JUVENILE COURT

[No. 371, September Term, 1974.]

*Decided December 20, 1974.*

The cause was argued before ORTH, C. J., and MORTON and
THOMPSON, JJ.

*Orrin J. Brown, III, Assigned Public Defender,* for appellant.

*James I. Keane, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, Richard J.
Kinlein, State's Attorney for Howard County,* and *Richard J.*

*Wilkinson, Deputy State's Attorney for Howard County,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

I

The only way we can account for the course of this case below is that it ran afoul of our opinion in *Matter of Trader,* 20 Md. App. 1, decided 11 February 1974. It once was that an order of a juvenile court waiving its exclusive jurisdiction over a delinquent child was a final order, and, as such, immediately appealable. Code (1957), Art. 26, § 70-16 (c). See *Aye v. State,* 17 Md. App. 32, 36-40; *Wheeler v. State,* 10 Md. App. 624, 626; *Thomas v. State,* 10 Md. App. 458, 461. By ch. 773, Acts 1973, however, except for Montgomery County, a waiver order was designated to be interlocutory, and no longer immediately appealable. Courts Art. § 3-817. In our *Trader* we held the law making the waiver order interlocutory to be void because under the public local law applicable to Montgomery County such an order was still final and immediately appealable. We thought this difference between the public general law and the public local law mounted up to an invidious discrimination violative of the equal protection clause of the constitution. There were other areas with respect to juvenile causes wherein difference between the law applicable to Montgomery County and the law governing the remainder of the State would, under the *Trader* rationale, be unconstitutional and void. One of these areas concerned the jurisdiction of a juvenile court. By ch. 514, Acts 1972, § 1, effective 1 July 1972, originally codified as Art. 26, § 70-2 (d) (3), an additional exemption was designated in the general law to the exclusive original jurisdiction of a juvenile court. As amended and now codified as Courts Art. § 3-808 (4), it provides that a juvenile court does not have jurisdiction over a child 16 years or older alleged to have committed the crime of robbery with a deadly weapon, unless an order removing the proceeding to the juvenile court was filed by the court

exercising jurisdiction.[1] Again, Montgomery County was exempted from the provisions of the general law, and no similar provision exempted children from treatment of juveniles under the Montgomery County law. Because of this, the Criminal Court of Baltimore, relying principally on our *Trader*, granted a motion to dismiss an indictment charging a child, Emmit W. Stokes, with robbery with a deadly weapon, there being no waiver by the juvenile court of its jurisdiction over the child. The State appealed to this Court in both *Trader* and *Stokes*. Under our affirmance of the dismissal of the indictments in *Trader*, the Court of Appeals granted the State's petition for the issuance of a writ of certiorari. In *Stokes* it granted certiorari prior to decision by us. It decided both cases in an opinion filed 13 September 1974, *Matter of Trader*, 272 Md. 364.[2]

The effect of the opinion of the Court of Appeals was that, contrary to our holding in *Trader*, and the holding of the Criminal Court of Baltimore in *Stokes*, both the general law designating a waiver order as interlocutory and the general law exempting the jurisdiction of a juvenile court over a child charged with committing the crime of robbery with a deadly weapon, were in full force and effect. In short, the law stood as it did before our *Trader* opinion. *See Broadway v. State*, 23 Md. App. 68.

---

**1.** The removal order must be filed pursuant to Code, Art. 27, § 594A, which as amended, effective 1 July 1972, provided:

"In any case involving a child who has reached his fourteenth (14th) birthday but has not reached his eighteenth (18th) birthday at the time of any alleged offense excluded under the provisions of § 70-2 (d) (1) or (3) of Article 26, the court exercising jurisdiction may transfer the case to the juvenile court if a waiver is believed to be in the interests of the child and/or society."

There was further amendment by Acts 1974, ch. 865, § 3, effective 1 July 1974, which substituted "§ 3-808 of the Courts Article of the Code" for "§ 70-2 (d) (1) or (3) of Article 26."

**2.** The opinion also decided two other cases spinning off of our *Trader* opinion. The cases decided by the opinion were docketed in the Court of Appeals as follows: *Matter of Trader*, No. 29; *State v. Stokes* and *Matter of Faulkner*, No. 32; *Matter of Thomas*, No. 54, all September Term, 1974. We cite the opinion with respect to all the cases as *Matter of Trader*.

## II

On 25 February 1974, in the interim between our decision in *Trader* and the Court of Appeals' decision in *Trader*, a petition was filed in the Circuit Court for Howard County, sitting as a Juvenile Court, alleging that the appellant here, born 11 November 1956,[3] was a delinquent child "For the reason on or about the first day of October, 1973, in the County [of Howard] the said juvenile did use a dangerous and deadly weapon and did steal from Aaron Nicholas Kundrat approximately $40.00 in U.S. currency, and said juvenile did use a handgun in the commission of an armed robbery of Aaron Nicholas Kundrat." [4] On 6 March 1974 the State filed a petition for waiver of juvenile jurisdiction. On 9 April there was a hearing on the motion, and, on the same date, the court issued an order waiving its jurisdiction to the Circuit Court for Howard County, so that appellant would be held for trial under the regular procedures of that court under its jurisdiction over the offense if committed by an adult. Courts Art. § 3-816 (e).[5] Appellant noted an appeal from the waiver order.

---

**3.** "In cases involving delinquency, the age of the child at the time the alleged delinquent act was committed controls the determination of jurisdiction under this subtitle." Courts Art. § 3-814 (a).

**4.** What proceedings had taken place before the filing of the petition, except as hereinafter discussed, are not reflected in the record submitted to us. We do not know, from the record, whether there was an indictment returned and later dismissed.

Included in the record is a partial transcript of a bail hearing in the District Court at which appellant was placed on bail in the amount of $5000 pending trial.

At the waiver hearing on 9 April 1974 the State told the court: "A previous waiver petition regarding the use of a handgun in the commission of a felony was heard before Judge Macgill and he refused to waive and that case is now appealed to the Court of Special Appeals." We dismissed the appeal as from an interlocutory order pursuant to the Court of Appeals' *Trader. In re Appeal No. 51, September Term, 1974 from the Circuit Court for Howard County, sitting as a Juvenile Court,* 22 Md. App. 616.

**5.** At the hearing the State told the court, Mayfield, J., about the refusal of Judge Macgill to waive the jurisdiction of the juvenile court as to the handgun charge, see note 4, *supra*, and explained: "That charge was erroneously placed in the — with this waiver petition. What we are intending to have waived today is the armed robbery and the lesser included offenses which would be robbery and assault, but we do not feel that it would be appropriate to again request a waiver on the handgun charge considering the present status of the earlier waiver petition." The State dismissed "its petition insofar as the charge of a use of a handgun."

## III

The State included a motion to dismiss the appeal in its brief. Maryland Rule 1036d. The ground for the motion is that the waiver order appealed from was not a final order, the Court of Appeals' *Trader* having "rendered the legal basis for this appeal moot." We dismiss the appeal, but not for that reason.

As we have indicated, the State is correct in its assertion that under the present status of the law an order waiving the jurisdiction of a juvenile court is interlocutory and not immediately appealable.[6] But here, under Courts Art. § 3-808 (4), the Circuit Court for Howard County, sitting as a Juvenile Court, had no jurisdiction over appellant. All the proceedings concerning him were no more than form, having no substance and no validity.[7] The order waiving the court's jurisdiction was a nullity; there was no jurisdiction in the court for it to waive. Its order was void *ab initio*. The order being void, there was nothing from which to appeal. The appeal noted therefrom must be dismissed.

## IV

The dismissal of the appeal leaves the child here under the jurisdiction of the court having jurisdiction had the offense been committed by an adult. *Aye v. State, supra.* The procedures to be followed with respect to him are those procedures which would be followed were he an adult. If he is duly charged, as an adult would be charged, with the crime of robbing Aaron Nicholas Kundrat with a deadly weapon, then he is subject to trial in the Circuit Court for

---

Counsel for appellant said: "Your Honor, I had understood that from the beginning, although I realize that the petition was probably incorrectly drawn."

6. For a discussion of the appealability of orders waiving juvenile jurisdiction under the present status of the law see *In re Appeal No. 961, September Term, 1973 from the Circuit Court of Baltimore City, sitting as a Juvenile Court,* 23 Md. App. 9, 11-13.

7. The effect on the proceedings is the same as when a juvenile is tried in a criminal court without a waiver from a juvenile court having exclusive jurisdiction over that juvenile. *Franklin v. State,* 264 Md. 62; *Matter of Ingram,* 15 Md. App. 356; *Aye v. State, supra.*

100

Howard County under its criminal jurisdiction, unless that court by its order filed pursuant to Code, Art. 27, § 594A removes the proceeding to the Juvenile Court.

> *Appeal dismissed; costs to be paid by Howard County; mandate to issue forthwith.*