IN RE APPEAL NO. 646, SEPTEMBER TERM, 1976
FROM THE CIRCUIT COURT FOR PRINCE
GEORGE'S COUNTY, SITTING AS
A JUVENILE COURT

[No. 646, September Term, 1976.]

*Decided February 14, 1977.*

The cause was argued before MOYLAN, DAVIDSON and LISS, JJ.

*Harriette Cohen, Assistant Public Defender*, with whom was *Alan H. Murrell, Public Defender*, on the brief, for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom we.. *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *James S. Nickelsporn, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

Liss, J., delivered the opinion of the Court.

This is an appeal from the action of the trial court waiving jurisdiction over the appellant from the Juvenile Court of Prince George's County to the Circuit Court of that county.

At the hearing the State requested a waiver of jurisdiction over three separate alleged acts of delinquency — a robbery and two armed robberies. No witnesses were called at the hearing; in lieu of the testimony, counsel for the State and the accused presented oral argument.

The purpose of a juvenile waiver hearing is to determine whether or not the juvenile is a fit subject for juvenile rehabilitative measures. *Matter of Flowers,* 13 Md. App. 414, 283 A. 2d 430 (1971); *Kemplen v. Maryland,* 428 F. 2d 169 (4th Cir. 1970).

Waiver may be granted only where a preponderance of the legally sufficient evidence shows that such a determination is proper in light of the factors enumerated in the Annotated Code of Maryland (1974, 1976 Cum. Supp.), Courts and Judicial Proceedings, § 3-817 (d)(1)-(5): [1] age of the child; mental and physical condition of the child; child's amenability to treatment in any institution, facility or program available to delinquents; nature of the offense and the child's alleged participation in it; and the public safety. *Matter of Trader,* 20 Md. App. 1, 315 A. 2d 528 (1974); *Matter of Waters,* 13 Md. App. 95, 281 A. 2d 560 (1971).

All the factors need not be resolved against the juvenile in order to justify waiver, but the court must consider each factor weighing them in relation to one another in determining whether the child is an unfit subject for

---

1. The same criteria are enumerated in Rule 913, section d. of the Maryland Rules of Procedure as "considerations in determining waiver."

juvenile rehabilitative measures. *Matter of Johnson*, 17 Md. App. 705, 304 A. 2d 859 (1972).

We said in *In Re Arnold*, 12 Md. App. 384, 396-397, 278 A. 2d 658, 664 (1971), that "disposition in a juvenile case is committed to the sound discretion of the juvenile judge, to be disturbed on appeal only upon a finding that such discretion has been abused." *In Re Hamill*, 10 Md. App. 586, 271 A. 2d 762 (1970).

In *Matter of Johnson, supra*, at page 713 we stated, "What we said in *Arnold* concerning discretion in juvenile dispositions is equally applicable to waiver hearings."

The juvenile court judge had before him a waiver investigation report and recommendation prepared by the Division of Juvenile Services. The court obviously considered the report in reaching its conclusion as to waiver.

Maryland Rule 913 e. provides in part:

"e. Order.

1. If the Court concludes that its jurisdiction should be waived, it shall: (a) state the grounds for its decision on the record or in a written memorandum filed with the clerk . . . ."

The purpose of the statement, obviously, is to provide the parties and the reviewing court with the benefit of the trial court's reasons for its determination that the juvenile is an unfit subject for juvenile rehabilitative measures. It is not necessary that the statement contain a point by point exposition of the trial court's consideration of each of the five enumerated criteria. At a minimum, however, the statement should contain such factual findings as would permit the conclusion that the trial court has considered the criteria individually and in relation to each other and the basis on which it has reached its conclusion.

In this case the trial court in explaining its decision said:

"Well, from the standpoint of this member of the Court, the patronizing attitude of the mother and others in society is one reason this type of thing goes on. He is a child for part of the day, and the

> rest of the day he is capable of committing adult crimes.
>
> The legislature has set the cut-off date at 15 years, and consequently I think there are cases where that is too old.
>
> The Court is going to grant the waiver and let him be treated as an adult. We will see if that has some effect on his future behavior."

Appellant urges that this language is not sufficient to comply with the requirements of Maryland Rule 913 e. We agree. We are unable to determine from the statement made by the trial court what consideration, if any, was given to the required criteria for waiver.

We note that the waiver report of the Department of Juvenile Services recommended that the waiver be denied. The trial court is not required to follow that recommendation and may act in its own sound discretion. *See Matter of Murphy,* 15 Md. App. 434, 291 A. 2d 867 (1972). We believe, however, that where such a recommendation is made that the statement of the trial court under Maryland Rule 913 e. should reflect that the trial court has considered the recommendation and the court's reasons for rejecting the recommendation.

We shall remand this case to the Circuit Court for Prince George's County, sitting as a Juvenile Court, without reversal or affirmance.

> *Case remanded without affirmance or reversal for further proceedings in conformity with this opinion.*
> *Costs to abide results.*