## IN RE: BOBBY C.

[No. 890, September Term, 1980.]

*Decided March 11, 1981.*

The cause was submitted on briefs to MOORE, LOWE and MELVIN, JJ.

Submitted by *Michael R. Malloy, Assistant Public Defender,* and *Alan H. Murrell, Public Defender,* for appellant.

Submitted by *Stephen B. Caplis, Assistant Attorney General, Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Richard Lawlor, Assistant State's Attorney for Baltimore City,* for appellee.

LOWE, J., delivered the opinion of the Court.

This appeal challenges the constitutionality of Md. Cts. & Jud. Proc. (1980 Repl. Vol.) Code Ann. § 3-817 (c), which

permits a juvenile court to waive its exclusive jurisdiction over an alleged delinquent child upon a "preponderance of the evidence," if it concludes that the child is not amenable to juvenile rehabilitation. The juvenile appellant, relying upon *Addington v. Texas,* 441 U.S. 418, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979), urges us to invalidate Courts Art. § 3-817 (c) and to hold that due process requires that the waiver criteria set out in section 3-817 (d) be established by "clear and convincing proof" or preferably, "beyond a reasonable doubt" before a juvenile may be waived to the criminal court for trial.[1]

As a result of his drawing a handgun on one person, shooting another in the stomach, and shooting at still another, appellant was charged with two attempted murders, assault, and use of a handgun and was alleged to be a juvenile delinquent. This sixteen-and-one-half year old boy had been previously on probation for one assault with his fists and for another assault in which the victim had been stabbed in the back.

Exclusive jurisdiction over a child alleged to be a delinquent is (with certain exceptions, *see* Courts Art. § 3-804 (d)) vested in the juvenile court by Courts Art. § 3-804 (a). Courts Art. § 3-817 allows the juvenile court to waive its jurisdiction over the alleged delinquent, after an appropriate hearing, if the child is fifteen years or older or, if the child is not yet fifteen, where the child has committed a criminal act "which if committed by an adult, would be punishable by death or life imprisonment." A juvenile waiver hearing is not a trial but a judicial inquiry concerning the advisability of waiving *vel non* a child from the juvenile system to that

---

1. We do not address the argument that the "beyond a reasonable doubt" standard is constitutionally required in juvenile waiver hearings. We have emphatically stated our position with respect thereto in Hazell v. State, 12 Md. App. 144, 277 A.2d 639, *cert. denied,* 263 Md. 715 (1971), wherein it is said that "we hold that nothing in the constitution, State or federal, requires the State to satisfy the court beyond a reasonable doubt." *Id.* at 154, 277 A.2d at 644. *See* Kemplen v. Maryland, 428 F.2d 169 (4th Cir. 1970). *See also* in Re Trader, 20 Md. App. 1, 315 A.2d 528, *rev'd on other grounds,* 272 Md. 364, 325 A.2d 398 (1974); In Re Waters, 13 Md. App. 95, 281 A.2d 560, *cert. denied,* 263 Md. 722 (1971). Appellant has not shown us any reason why we ought to retreat one scintilla from *Hazell.*

of the criminal court. Subsection (c) of § 3-817, that portion of § 3-817 which the appellant challenges as unconstitutional, prescribes the standard of proof the judge is to apply at the waiver hearing: "The court may not waive its jurisdiction unless it determines, *from a preponderance of the evidence presented at the hearing,* that the child is an unfit subject for juvenile rehabilitative measures (emphasis supplied)."

As a guide for the court, the General Assembly has mandated that certain "criteria individually and in relation to each other [be considered] on the record." Section 3-817 (d) specifies that the juvenile court consider:

"(1) Age of the child;

(2) Mental and physical condition of the child;

(3) The child's amenability to treatment in any institution, facility, or program available to delinquents;

(4) The nature of the offense and the child's alleged participation in it; and

(5) The public safety."

Each factor is to be weighed in relation to whether the child is an unfit subject for juvenile rehabilitation. *In Re Appeal No. 646,* 35 Md. App. 94, 369 A.2d 150 (1977). Not all the factors need be given equal weight, nor do all the factors need be decided against the child in order for a waiver to be granted. *In Re Trader, supra; In Re Johnson,* 17 Md. App. 705, 304 A.2d 859 (1973).

If the juvenile court waives jurisdiction, the child may, as here, enter an immediate appeal which brings the matter to an abrupt halt in the trial court until the appeal is decided. Courts Art. § 3-817 (f). On the other hand, should the court refuse to grant a waiver, the matter goes forward in accordance with the Courts Article, Subtitle 8, *Juvenile Causes.*

Appellant asserts that Fourteenth Amendment due process demands that the minimal standard of proof in a juvenile waiver hearing be "clear and convincing." Although the Supreme Court of the United States has paid much attention

to the constitutional rights of juveniles in adjudicatory proceedings, *see In Re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967) and *In Re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), and has recognized the critical importance of the juvenile waiver hearing, *see Kent v. United States,* 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966), it has not addressed the minimum standard of proof constitutionally required in a juvenile waiver hearing.

Appellant urges us to do what the Supreme Court has not done and set aside the legislative "preponderance of the evidence" standard. The basis of his request is his suggestion that *Addington v. Texas, supra,* mandates that the standard of proof even in juvenile hearings be "clear and convincing evidence."

*Addington* involved a constitutional attack on the "clear and convincing" standard of proof in a civil commitment hearing. A jury was to determine whether Addington was mentally ill and, consequently, subject to confinement in a state mental institution for some indefinite period of time. The trial judge instructed the jury to use a "clear unequivocal and convincing evidence" standard in making its determination. Based upon the evidence, the jury found Addington to be mentally ill. He was to be institutionally confined. On appeal, Addington claimed that the proper standard of proof that should have been applied in his case was that of "beyond a reasonable doubt." The Texas Supreme Court affirmed the trial court. It approved the "clear and convincing" standard and noted that even "preponderance of the evidence" would have been sufficient. The United States Supreme Court, on certiorari, sanctioned the use of the "clear and convincing" standard of proof. The Court said that such a standard met the minimal requirements of due process. The "preponderance" standard was, however, expressly rejected as insufficient to satisfy due process.

*Addington* was based on two primary considerations. Noting that evidentiary standards of proof "serve . . . to allocate the risk of error between the litigants and to indicate

the relative importance attached to the ultimate decision," 441 U.S. at 423, 99 S. Ct. at 1808, 60 L. Ed. 2d at 329, the Court immediately identified the consequences of *civil commitment* for an individual. First, in consideration of due process, civil commitment results in "a significant deprivation of liberty." 441 U.S. at 425, 99 S. Ct. at 1809, 60 L. Ed. 2d at 331. Second, in consideration of the individual's social situation, civil commitment results in stigmatizing the individual as a danger to himself and others. *Id.* Such adverse consequences require that the margin of factual error inherent in a determination of civil commitment be minimized. Therefore, the standard of proof should be higher than a "preponderance of the evidence." Consequently, the standard of "clear and convincing" was adopted inasmuch as it "strikes a fair balance between the rights of the individual and the legitimate concerns of the State." *Id.* at 431, 99 S. Ct. at 1812, 60 L. Ed. 2d at 334. The court did not endorse the "beyond the reasonable doubt" standard because "given the uncertainties of psychiatric diagnosis, it may impose a burden the State cannot meet and thereby erect an unreasonable barrier to needed medical treatment." *Id.* at 432, 99 S. Ct. at 1812, 60 L. Ed. 2d at 335.

*Addington* is neither persuasively apposite nor authoritatively controlling in the matter before us. The significant difference between confinement in an institution as in *Addington* and a waiver hearing in a juvenile cause is that after waiver the juvenile is not *committed* to an institution until and unless he has been charged, tried, and convicted in a criminal trial (although he may be confined while awaiting trial). Throughout the entire process he is entitled to the full panoply of constitutional protections. The purpose of the waiver hearing is to assess whether the child is capable of rehabilitation within the juvenile system, not to determine whether the child is guilty or innocent of the crime alleged, nor even to determine whether he is to be confined.

Moreover, although it may be argued that the waiving of juvenile jurisdiction changes an alleged delinquent child to an alleged criminal, we do not find that any stigma results upon juvenile waiver. The stigma or labelling of a child as

allegedly guilty of committing a criminal act does not attach automatically when a court determines that juvenile jurisdiction is waived and the child is to be tried as an adult, even though the waiving court presumes guilt for the purpose of the waiver hearing only. Rather, stigma results when the criminal court finds that the act was, in fact committed by the one charged, *see generally, In Re Winship, supra,* and the presumption of innocence is overcome.

Finally, appellant argues that waiver to the criminal court means exposure to enhanced punishment. The punishment, it is true, may be greater if meted out by a criminal court, but there is no ironclad rule that it shall or must be more severe than that imposed by the juvenile court. More significantly, waiver does not mean that a conviction inevitably will follow. The juvenile is cloaked with the same presumption of innocence that attends every other person appearing in the criminal courts. Waiver does not subject the child to a criminal record, although it does expose him thereto. Only a conviction consummates that stigma.

Nothing in the *Addington, Kent* and *Winship* trilogy dictates our holding that the evidentiary standard for juvenile waiver must be "clear and convincing" or "beyond a reasonable doubt." We refuse to presage what course the Supreme Court will take in the future, and we see no reason to light the way by announcing a rule of law requiring "clear and convincing evidence" as the standard of proof before a juvenile may be waived to the criminal process.

It follows that we find that the "preponderance of the evidence" rule embodied in Courts Art. § 3-817 (c) meets the constitutional due process test. Upon review we find that the court below amply considered all criteria and that sufficient evidence existed to justify the waiver.

> *Judgment affirmed.*
> *Costs to be paid by the appellant.*